# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAUL D. KATEKARU, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-CV-00349-W-DGK |
| CAMERON EGAN, *et. al.*, | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises from Lee's Summit Police Officer Cameron Egan's ("Officer Egan") arrest of Plaintiff Paul Katekaru ("Plaintiff") for failure to follow Officer Egan's directives during an attempted detention of Plaintiff's nephew. Following Plaintiff's arrest, temporary imprisonment, and eventual release, he filed suit in this Court against Officer Egan, Lee's Summit Police Sergeant Greg Bryant ("Officer Bryant"), Lee's Summit Municipal Court Prosecutor Terri Cipolla Round ("Prosecutor Round"), and the City of Lee's Summit, Missouri (the "City") alleging four claims under 42 U.S.C. § 1983 and a claim for malicious prosecution under Missouri common law.

Now before the Court is the Defendants' joint motion to dismiss all claims (Doc. 10). After carefully reviewing the relevant documents,[1] the Court GRANTS Defendants' motion. Furthermore, Plaintiff is GRANTED leave to amend Count III of his complaint.

**Background**

Plaintiff's Amended Complaint (Doc. 4) (the "Complaint") and attached documents allege the following. On April 8, 2011, Plaintiff's nephew, James Jenkins ("Jenkins"), who lived

---

[1] The Court considered Plaintiff's Amended Complaint (Doc. 4), Defendants' Suggestions in Support (Doc. 10), Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 12), and Defendants' Reply Suggestions (Doc. 13).

with Plaintiff at the time, arrived at Plaintiff's residence in Lee's Summit in an intoxicated state. When Plaintiff confronted Jenkins regarding his intoxication, Jenkins immediately became belligerent. Jenkins shouted at Plaintiff and then destroyed several of Plaintiff's possessions, including his computer and microwave. Plaintiff called 911 to report the disturbance, which further enraged Jenkins. After hearing Jenkins' outburst, Kevin Katekaru, Plaintiff's other nephew who also resided with him, attempted to intervene. An altercation then ensued between the two nephews resulting in Jenkins procuring a knife and threatening to harm himself and the other nephew. In response, Plaintiff wrestled the knife away from Jenkins.

Soon thereafter, Officer Egan arrived at Plaintiff's residence with Lee's Summit Police Officer Jason Spaeth ("Officer Spaeth"). After ordering Plaintiff to drop the knife, the two officers confronted Jenkins, but he immediately fled the scene. In response to several questions about Jenkins, Plaintiff stated that he was unsure whether Jenkins was currently armed, and he notified the officers that Jenkins had access to firearms inside Plaintiff's residence. Following further questioning, Plaintiff began to criticize Officer Egan and other members of the Lee's Summit Police Department by calling them incompetent and worthless. Then, when Plaintiff attempted to enter his home, Officer Egan forbade Plaintiff from doing so. Plaintiff ignored the order and walked toward the house. Officer Egan then grabbed Plaintiff, placed him under arrest, and provided him with a written citation for failure to obey an order of a police officer. Officer Spaeth and Lee's Summit Police Officer Phillip Stewart ("Officer Stewart") then entered Plaintiff's home, purportedly to search for Jenkins.

Eventually, Officers Stephen Grubb and Scott McMillan of the Lee's Summit Police Department Canine Unit arrived at Plaintiff's residence. Following a brief search, these officers located Jenkins hiding in the backyard of a nearby house. Sometime after Jenkins' detainment,

Officer Egan transported Plaintiff to the police station, where he remained until he posted bond thirty-four hours later. On July 29, 2011, Round dismissed the case against Plaintiff.

Following dismissal, Plaintiff engaged in an informal investigation. Plaintiff located the original citation that charged him with failing to obey a police officer, another citation that charged him with the same offense but with a more detailed explanation, and a probable cause review statement. From discussions with Prosecutor Round and Lee's Summit Police Captain, Mark Liebig, Plaintiff learned that following his arrest Prosecutor Round advised Officer Egan and Officer Bryant to add more details to the original citation and the probable cause review statement. The officers complied with this request.

On April 8, 2013, proceeding *pro se*, Plaintiff filed a three-count lawsuit in this Court. Count I alleges three separate violations of 42 U.S.C. § 1983 against Officer Egan individually, including claims for false arrest, retaliatory arrest, and an unconstitutional search of his home. Count II alleges a Missouri common law claim for malicious prosecution against Officer Egan, Officer Bryant, and Prosecutor Round. Count III alleges a violation of 42 U.S.C. § 1983 against the City and Prosecutor Round for failure to properly train and supervise the Lee's Summit police officers.

**Standard**

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint ... does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**Analysis**

**A. Count I is dismissed with prejudice.**

If an official acting under color of state law deprives an individual of a constitutional right, that individual may bring a suit against the official for either monetary or injunctive relief. *See* 42 U.S.C. § 1983. Under Count I, Plaintiff alleges that his arrest and the search of his home violated the First, Fourth, and Fourteenth Amendments of the United States Constitution. Because the Court finds that the Complaint fails to state a claim for false arrest, retaliatory arrest, an unconstitutional search, and conspiracy all under 42 U.S.C. § 1983, the Court dismisses Count I with prejudice.

### 1. Plaintiff fails to state a claim for false arrest in violation of the Fourth Amendment.

To state a claim for false arrest in violation of the Fourth Amendment, a Plaintiff must demonstrate that the officer conducted a warrantless arrest without sufficient probable cause. *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). "Probable cause exists when the totality of the circumstances at the time of the arrest [is] sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Id.* (internal quotation marks omitted). Because this inquiry solely focuses on the information available at the time of the arrest, later developments, such as the dismissal of charges, is immaterial to the probable cause analysis. *See id.*

Officer Egan argues that he possessed sufficient probable cause to arrest Plaintiff for violating Section 17-26(D) of the Lee's Summit Municipal Code. This provision of the code makes it unlawful for any individual to knowingly disobey or oppose a police officer's command made during an officer's attempt to "execute and carry into effect any provision" within the municipal code. Lee's Summit, Mo., Municipal Code § 17-26(D) (1988). Officer Egan identifies Section 17-26(A)(2) as the provision that he was attempting to execute when he commanded Plaintiff not to enter his home. This section prohibits a person from interfering with an arrest of another person "by using or threatening, in addition to vocal protest, the use of violence, physical force, or physical interference." Lee's Summit, Mo., Municipal Code § 17-26(A)(2) (1988). Essentially, Officer Egan contends that he was in the process of locating and detaining Jenkins. In order to prevent Plaintiff's interference with the arrest, Officer Egan forbade Plaintiff from entering his residence because there was a possibility Jenkins had reentered Plaintiff's home. Thus, Officer Egan concludes that Plaintiff's attempt to enter his

residence in direct disregard of Officer Egan's order provided him with sufficient probable cause to arrest Plaintiff for violating Section 17-26(D). The Court agrees.

Construing the allegations in the light most favorable to Plaintiff, he has failed to sufficiently plead lack of probable cause. Under Section 17-26(A)(2), the interference must be by use or threatened use of "violence, physical force, or physical interference." Lee's Summit, Mo., Municipal Code § 17-26(A)(2) (1988). The Complaint confirms that Officer Egan had probable cause to arrest Plaintiff because his attempt to enter the residence constituted a threatened physical interference with the detention of Jenkins. Interference is defined as an "obstruction or hindrance." Black's Law Dictionary 831 (8th ed. 2004). The Complaint alleges that the Lee's Summit police officers believed that Jenkins may have reentered Plaintiff's home, and it states that "Plaintiff's presence in his residence would have *impeded* the residence search…." Compl. at 13 (emphasis added). When considered together, the allegations in this passage imply that Plaintiff's physical presence in the home would have obstructed or hindered the attempted detention of Jenkins. From this, it follows that Officer Egan's order to not enter the home was an attempt to prevent a violation of 17-26(A)(2), i.e. physical interference with Jenkins' detention. Thus, Plaintiff's failure to obey this order provided Officer Egan with probable cause to believe Plaintiff violated Section 17-26(D). Because Plaintiff's allegations indicate probable cause existed for Plaintiff's arrest, he has failed to state a claim for false arrest under 42 U.S.C. § 1983.

2. **Plaintiff fails to state a claim for retaliatory arrest in violation of the First Amendment.**

To successfully state a claim for retaliatory arrest in violation of the First Amendment, a Plaintiff must, as a threshold matter, plead a lack of probable cause supporting the arrest. *See Galarnyk v. Fraser*, 687 F.3d 1070, 1076 (8th Cir. 2012) (citing *McCabe v. Parker*, 608 F.3d

6

1068, 1075 (8th Cir. 2010)). As discussed above, Plaintiff failed to plead a lack of probable cause, and his failure to do so is fatal to this claim.

    **3. Plaintiff fails to state a claim for a warrantless home search in violation of the Fourth Amendment.**

Plaintiff also fails to state a claim for a warrantless search of his home. The Fourth Amendment prohibits warrantless searches of an individual's home unless the search fits within one of the narrow exceptions to the warrant requirement. *See Burke v. Sullivan*, 677 F.3d 367, 371 (8th Cir. 2012).

To the extent Plaintiff alleges that Officer Egan personally conducted a warrantless search of his home, the allegations in the Complaint clearly contradict such a claim. Both the Complaint itself and the documents attached to it state Officer Egan neither participated in nor ordered the search of Plaintiff's home. *See, e.g.,* Compl. at 13 ("Defendant Egan did not participate in the warrantless search of plaintiff's residence, but was outside of plaintiff's residence while the warrantless search was being conducted."). Therefore, Plaintiff fails to state a claim for Officer Egan's personal search of the home.

    **4. Plaintiff fails to state a conspiracy claim under Section 1983.**

Although not captioned as such, Plaintiff's allegations related to the warrantless search also arguably raise a conspiracy claim against Officer Egan under 42 U.S.C. § 1983. To plead a claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)).

To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Plaintiff, however, has failed to plead a meeting of the minds among the alleged conspirators. The Complaint is devoid of sufficient factual detail indicating that Officer Egan conspired with Officers Spaeth and Stewart—the two who conducted the search of Plaintiff's home—to deprive Plaintiff of his Fourth Amendment rights. On the contrary, Plaintiff alleges Officer Egan arrested him for impeding the detention of Jenkins, Plaintiff's critical comments of Officer Egan, and the potential safety risk posed by Jenkins being in the home with access to weapons. Compl. at 11, 13, 36. Without further facts implying that the three officers agreed to deprive of him any constitutional rights, Plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1983.

### B. Count II is dismissed with prejudice.

Under Missouri common law, a plaintiff must plead the following to state a claim for malicious prosecution: "(1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit." *Edwards v. Gerstein*, 237 S.W.3d 580, 582 (Mo. banc. 2007).

As discussed previously, the Complaint fails to allege a lack of probable cause, thus this element of malicious prosecution is lacking. Moreover, the Complaint also fails to allege that malice motivated the prosecution. The malice element requires the plaintiff to demonstrate that "the proceedings [were] initiated primarily for a purpose other than that of bringing an offender to justice." *Cassady v. Dillard Dept. Stores*, 167 F.3d 1215, 1219 (8th Cir. 1999) (quoting

*Sanders v. Daniel Intern. Corp.*, 682 S.W.2d 803, 806 (Mo. 1984)). To demonstrate sufficient malice to avoid dismissal, Katekaru "was required to [plead] either that [the Defendants] had an illegitimate motive for the prosecution, or that they knowingly acted with flagrant disregard for [Katekaru's] rights so that an improper motive may be inferred." *Id.* (internal quotation marks omitted). The Complaint fails to allege either.

As relates to malice, the Complaint states "Cameron Egan, Greg Bryant and Terri Cipolla Round acted with malice and reckless indifference to the rights of plaintiff…." Compl. at 18. This legal conclusion, standing alone, is insufficient to satisfy the pleading requirements. However, Plaintiff contends that he has provided sufficient factual enhancement of this statement to allege malice. Plaintiff asserts that Prosecutor Round's order to Officer Bryant and Officer Egan to add more detail to the original citation and the probable cause statement demonstrates the Defendants' malice. In particular, Plaintiff contends that the addition of the extra details transformed the bare legal conclusions in the original citation and probable cause statement—which lacked sufficient detail to support a conviction—into a new and different charge for violating Section 17-26(D). This argument lacks merit.

Under Missouri Supreme Court Rule 37.39, a municipal prosecutor may add factual details to a citation or information-charging form that alleges an ordinance violation any time prior to trial so long as the amendment does not include an additional or different ordinance violation. Mo. Sup. Ct. R. 37.39. Here, when one compares the original citation form to the enhanced citation form and the probable cause statement, it is clear that the documents consistently charged Plaintiff with violating Section 17-26(D) for failing to obey a lawful command of an officer. Compl. at 27-29. The only difference is that the amended citation and probable cause statement possess more factual details than the original citation. While it is clear

9

that Officer Egan and/or Officer Bryant added additional facts to the original citation form, the applicable Missouri Supreme Court rule explicitly authorizes such an amendment. Therefore, rather than demonstrating malice, the Defendants' addition of further factual enhancement merely evidences their lawful exercise of Rule 37.39. Because Plaintiff has failed to allege a lack of probable cause and an improper motive underlying the prosecution, Plaintiff fails to state a claim for malicious prosecution, and, thus, this claim is dismissed with prejudice.

### C. Count III is dismissed without prejudice.

Defendants' contend—and Plaintiff concedes—that Count III fails to provide sufficient factual details on the City's policy, practice, or custom which operated to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983. The Court agrees. Accordingly, Count III is dismissed without prejudice.

### D. Plaintiff is granted leave to amend his complaint.

Finally, Plaintiff requests leave from the Court to amend his pleadings to allege further factual details regarding the City's custom or policy. Given the early stage of the litigation and the limited nature of the amendment, the Court GRANTS Plaintiff leave to amend the Complaint. Plaintiff may amend Count III to further allege a custom or policy.

## Conclusion

Viewing the factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiff, the Court concludes that all claims against Defendants must be dismissed. Defendants' 12(b)(6) Motion to Dismiss is GRANTED as to all counts. Dismissal of Counts I and II is with prejudice and Count III without prejudice. Plaintiff is GRANTED leave to amend the complaint as articulated in Section D. Plaintiff must file the amended complaint within thirty (30) days of entry of this order.

**IT IS SO ORDERED.**

Date:  January 31, 2014                              /s/ Greg Kays
                                                             GREG KAYS, CHIEF JUDGE
                                                             UNITED STATES DISTRICT COURT